IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:12CR24 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| NATHAN YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Nathan Young's Memorandum and Brief of Law in Support of Petitioner's 28 U.S.C. § 2255 (Filing No. 69) which has been construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion").  Young also filed the following motions: Motion for Leave to Proceed in Forma Pauperis (Filing No. 70), Motion to Compel Disclosure of Grand Jury Minutes, All Material Subject to Discovery, and Brady Material (Filing No. 72), and Motion for Transcripts or Recordings (Filing No. 73).  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

The Defendant pleaded guilty to Count II of an Indictment charging him with receipt and attempted receipt of child pornography.  His plea agreement included in pertinent part: The government's agreement to dismiss Count I of the Indictment at the time of

sentencing; a binding agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) for a term of incarceration of 12 years; a waiver of the right of appeal and collateral attack; and the Defendant's confirmation that he was satisfied with his counsel's representation. (Filing No. 51.)

In his Petition to Enter a Plea of Guilty, signed on September 7, 2012, Young stated under oath: He had enough time to talk with his attorney; he was satisfied with the job his attorney had done; he had no objections to the way his attorney had represented him; he knew he had a right to plead not guilty and proceed to trial with all accompanying constitutional rights; he was aware that the maximum statutory term of imprisonment for Court II was 20 years; he was voluntarily pleading guilty because he *was* guilty; and he understood all the questions in the Petition. (Filing No. 50.)

Young's plea was accepted and he was found guilty of Count II of the Indictment on September 17, 2012. At the sentencing hearing on December 17, 2012, Young was represented by attorney David Stickman ("Stickman"), who also represented Young through the entire process of his case, and the Court proceeded with sentencing pursuant to the plea agreement.

On November 12, 2013, Young filed his § 2255 motion (Filing No. 69), alleging that his counsel was ineffective.

## DISCUSSION

To establish ineffective assistance of counsel, Young must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious

that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

Under Young's plea agreement he waived his right to seek post-conviction relief based on ineffective assistance of counsel except "if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement." (Filing No. 51 at 5.)

In Young's memorandum and brief (Filing No. 69) and unsworn declaration (Filing No. 74), he makes multiple allegations of ineffective assistance of counsel against Stickman, raising the following issues: Defense counsel failed to investigate the actual facts of the case, failed to prepare witnesses, failed to construct a meaningful defense, failed in interview Young's witnesses, and that Young pled guilty based on the erroneous advice of his attorney. Young also claims Stickman failed to file a notice of appeal.

The undersigned took the Defendant's plea in this case, and questioned the Defendant at length to ensure that the plea was knowing and voluntary and supported by a factual basis, and that the Defendant was satisfied with the advice and performance of counsel. The Court also notes that David Stickman is the Federal Public Defender in this district and has served in that capacity since 1993. He is a highly experienced, well-respected criminal defense attorney. The Court concludes that any alleged "grounds" for the Defendant's dissatisfaction with counsel's performance are matters that were known

to the Defendant at the time of the plea. Young's complaints about Stickman's representation do not rise to a level showing that Stickman performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. United States v. Luke, 686 F.3d 600, 604 (8th Cir. 2012) ("There is a 'strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.'") (quoting *Strickland*, 466 U.S. at 689). Nor has Young demonstrated any reasonable probability that the result of the proceeding would have been different, but for counsel's alleged "deficiency."

## CONCLUSION

For the reasons discussed, Young cannot prove either prong of the *Strickland* test, and his § 2255 Motion will be denied. The Court on its own motion will amend the Judgment (Filing No. 58) to harmonize the description of the "nature of the offense" with the description used in Count II of the Indictment (Filing No. 1) and in the Plea Agreement (Filing No. 51). Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant Nathan Young's Memorandum and Brief of Law in Support of Petitioner's 28 U.S.C. § 2255 (Filing No. 69) which has been construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion");
2. The Court summarily dismisses the Defendant's § 2255 motion;
3. The Defendant's Motion for Leave to Proceed in Forma Pauperis (Filing No. 70) is denied as moot;

5. The Defendant's Motion to Compel Disclosure of Grand Jury Minutes, All Material Subject to Discovery, and Brady Material (Filing No. 72) is denied;

6. The Defendant's Motion for Transcripts or Recordings (Filing No. 73) is denied;

7. A separate Judgment will be issued denying the § 2255 motion;

8. An Amended Judgment in a Criminal Case will be issued to reflect the "Nature of Offense" to be "Receipt and Attempted Receipt of Child Pornography" not "Receipt and Distribution of Child Pornography";

9. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 27th day of November, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge