## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | **8:12CR24** |
| **vs.** | |
| **NATHAN T. YOUNG,** | **ORDER** |
| **Defendant.** | |

This matter is before the court on the defendant's motion for a court appointed attorney (Filing No. 87). The defendant requests the court appoint counsel to replace his previously appointed counsel. On December 17, 2012, the court entered judgment after the defendant entered a guilty plea for the receipt and attempted receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). **See** Filing Nos. 58 and 75. At that time, and throughout the process of the case, the defendant was represented by the Federal Public Defender, David R. Stickman. *Id.* Thereafter, the defendant began to file motions on his own behalf and, on November 12, 2013, he filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. **See** Filing No. 69. On November 27, 2013, the court denied the defendant's motion upon initial review. **See** Filing No. 76. On January 13, 2014, the court denied the defendant's motion seeking permission to appeal (a certificate of appealability). **See** Filing No. 80. On May 30, 2014, after a review of the record, the Eighth Circuit Court of Appeals denied the defendant's appeal. **See** Filing No. 84. On November 20, 2015, the defendant filed the instant motion. **See** Filing No. 87. The defendant states Mr. Stickman refuses to assist him. Additionally, the defendant states he is "working on an appeal . . . due to changes in supreme court rulings and viewings" and he "require[s] legal counsel and assistance in this matter." *Id.*

The Sixth Amendment to the United States Constitution guarantees: "In all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. Additionally, the federal rules of criminal procedure provide: "A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial

appearance through appeal, unless the defendant waives this right." Fed. R. Crim. P. 44(a). The rules of post-conviction procedure for a collateral attack of a judgment require the appointment of counsel for an indigent defendant only "if an evidentiary hearing is warranted." Rule 8(c) for 28 U.S.C. § 2255 proceedings. Otherwise, the court may appoint counsel for any financially eligible person upon a determination the interests of justice require such appointment and the person "is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2). Furthermore, "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." **Davis v. Scott**, 94 F.3d 444, 447 (8th Cir. 1996) (quotation and citation omitted).

In his motion, the defendant, who was previously represented by appointed counsel, provides information his prior counsel refuses to continue representation based on a conflict of interest. Assuming the defendant is indigent, he fails to provide any reason suggesting the interests of justice require the appointment of counsel or even that appointment of counsel would benefit him or the court. The court entered judgment in his criminal action on December 17, 2012. **See** Filing No. 58. On May 30, 2014, the Eighth Circuit Court of Appeals affirmed this court's denial of post-conviction relief. **See** Filing No. 84. No further action or proceedings remain pending in this case. Accordingly,

**IT IS ORDERED**:

The defendant's motion for a court appointed attorney (Filing No. 87) is denied.

Dated this 1st day of December, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge